## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CORDARIOUS Q. WILLIS                                                 PLAINTIFF
ADC #162742

v.                                    No. 4:21-cv-926-DPM

CHYNNA THOMAS, Correctional
Sergeant, Arkansas Division of
Correction and RODERICK
JOHNSON, Corporal, Correctional
Officer, Arkansas Division of Correction        DEFENDANTS

## ORDER

I adopted Magistrate Judge Kearney's unopposed recommendation, granted summary judgment for various reasons, and entered Judgment. *Doc. 86 & 87.* About two weeks later, Willis filed a timely notice of appeal. *Doc. 89.* His appeal has been fully briefed on the merits and is awaiting submission. Willis argues on appeal that the record presents genuine disputes of material fact and that his evidence establishes an Eighth Amendment violation.

Thirty-four days after entry of Judgment, the Clerk of this Court received and docketed a motion from Willis to "Alter and Amend the Final Judgment of dismissal of the case under Federal Rule of Civil Procedure 59." *Doc. 97.* Willis's motion is undated, so it's unclear when he mailed it. In the motion, he says that one of the defendants, Chynna Thomas, intercepted his letter to the Court containing his timely

objections to the Magistrate Judge's recommendation in late January 2023. She gave this mail back to him in early May 2023, Willis continues, telling him he couldn't appeal because he didn't object to the Judge's recommendation. With his motion to alter or amend the Judgment, Willis also tendered proposed objections, which argue that genuine disputes of material fact exist. *Doc. 96.*

All this creates a tangle. First, it's unclear whether Willis's Rule 59 motion was timely based on the mailbox rule. Fed. R. Civ. P. 59(b); *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). Second, though, the substance of his motion is more a matter of Rule 60(b)(3) — which covers relief from a Judgment based on a party's misconduct — than Rule 59(e). The substance should and does control over the form. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992). Willis's motion is timely under Rule 60(c)(1). Third, this Court lacks jurisdiction to decide the motion because Willis's case is with the Court of Appeals. Fourth, I don't know the truth about what happened with Willis's mail, but my indicative ruling is that his motion raises a substantial issue that should be explored. Fed. R. Civ. P. 62.1(a)(3). Sixth, this Court therefore requests the Court of Appeals to stay the appeal and remand, so that I can decide Willis's post-Judgment motion about alleged interference with his legal mail in this case. Fed. R. Civ. P. 62.1(c).

The Court directs Willis, and the Clerk, to send a copy of this Order to the Court of Appeals.  Fed. R. Civ. P. 62.1(b).

So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

25 october 2023